set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

## SEVENTH CLAIM FOR RELIEF

### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

59.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 58 above as if fully set forth at length.

60.    Any claim Bodden has against the Debtor or the 121 West 122nd Street Property by virtue of the Bodden Transfer should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfer which resulted in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.    On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

2.    On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be

set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

3.      On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Trasnfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers, (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside, and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers, and (d) recovering attorneys' fees from the Defendants; and

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the

13

Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers; (b) directing that the Kennedy Transfer, Levites Transfer, Levites-Cantor Transfer, Cantor Transfer, Baron Transfers, and Bodden Transfers be set aside and (c) alternatively, awarding the Trustee on behalf of the Debtor's estate the value of those Transfers.

7.    On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c) equitably subordinating any claim Bodden has against the Debtor or the 121 West 122nd Street Property by virtue of the Bodden Transfer.

8.    Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
        February 16, 2007

                    DREIER LLP

                    By:_____/s/_____
                        John P. Campo (JC-5241)
                        John S. Kinzey (JK-4951)
                        (Members of the Firm)
                        499 Park Avenue
                        New York, New York  10022
                        Tel.: (212) 328-6100
                        Fax: (212) 328-6101
                        ATTORNEYS FOR JOHN S. PEREIRA, AS
                        CHAPTER 11 TRUSTEE

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

RECEIVED

07 FEB 16  PM 6:23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                              :

MAYWOOD CAPITAL CORP., et al.,       :

                              Debtors,             :

------------------------------------------------------------- x

JOHN S. PEREIRA, as Chapter 11 Trustee of 917    :
EAGLE AVENUE REALTY CORP.,                        :

                                                   :

                              Plaintiff,           :

          vs.                                      :

JAY IRGANG, MARK IRGANG and ORLI IRGANG,  :

                                                   :

                              Defendants.          :

------------------------------------------------------------- x

Chapter 11 Cases
Case No. 05-10987 (RDD)

Jointly Administered
Case Nos. 04-17047, 05-10944
to 05-10987, 05-11521, 05-11523
and 05-1778 (RDD)

Adversary No.: _____

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 917

Eagle Avenue Realty Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for

his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{TW1107.DOC;}

## PARTIES

2.      917 Eagle Avenue Realty Corp. (sometimes referred to as "917 Eagle Avenue Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York  10165.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

6.      This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 917 Eagle Avenue Realty Corp., now pending in the Bankruptcy Court.

7.      Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

8.      This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New

{TW1107.DOC;}                                    - 2 -

York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of Debtor to the Defendants.

## BACKGROUND

9.      On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

10.      Upon information and belief, at all relevant times, the land and apartment building located at 917 Eagle Avenue, New York, New York (the "Premises"), together with all the fixtures, rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 917 Eagle Avenue Realty Corp. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "917 Eagle Avenue Property."

11.      The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02094 (RDD), to recover the 917 Eagle Avenue Property.

### Purported Transfer To Irgang Defendants

12.      Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

13.      Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

14.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 13 above as if fully set forth at length.

15.     The Purported Irgang Mortgage Transfer was made within one year of the Petition Date.

16.     The Purported Irgang Mortgage Transfer was made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

17.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

18.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 17 above as if fully set forth at length.

19.     The Purported Irgang Mortgage Transfer was made within one year of the Petition Date.

20.     The Debtor (a) was insolvent on the date the Purported Irgang Mortgage Transfer was made or became insolvent as a result of the Purported Irgang Mortgage Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Purported Irgang Mortgage Transfer was effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the

Purported Irgang Mortgage Transfer was made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

21.    The Debtor received no equivalent value in exchange for the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Purported Irgang Mortgage Transfer.

22.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer.

## THIRD CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)

23.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth at length.

24.    The Debtor did not receive fair consideration for the Purported Irgang Mortgage Transfer.

25.    At the time of the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the Purported Irgang Mortgage Transfer.

26.    The Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

27.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and

preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang

Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the

Debtor's estate the value of that transfer.

## FOURTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)

28.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 27 above as if fully set forth at length.

29.     The Debtor did not receive fair consideration for the Purported Irgang Mortgage

Transfer.

30.     At the time the Debtor made the Purported Irgang Mortgage Transfer, the Debtor

was engaged or about to engage in a business or transaction for which the property remaining in

its hands after the Purported Irgang Mortgage Transfer was an unreasonably small capital.

31.     The Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in

violation of New York Debtor and Creditor Law § 274.

32.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274

and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and

preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang

Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the

Debtor's estate the value of that transfer.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

33.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth at length.

34.    The Purported Irgang Mortgage Transfer was made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

35.    The Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

36.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer and (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

37.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth at length.

38.    The Debtor did not receive fair consideration for the Purported Irgang Mortgage Transfer.

39.    At the time of the Purported Irgang Mortgage Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

40.    The Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

41.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer.

**WHEREFORE,** the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.    On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer;

2.    On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer;

3.    On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer;

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer;

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer and (d) recovering attorneys' fees from the Defendants;

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the Purported Irgang Mortgage Transfer, (b) directing that the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of that transfer; and

7.      Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
          February _16_, 2007

                              DREIER LLP

                              By:_____/s/_____
                                  John P. Campo (JC-5241)
                                  John S. Kinzey (JK-4951)
                                  (Members of the Firm)
                                  499 Park Avenue
                                  New York, New York  10022
                                  Tel.:  (212) 328-6100
                                  Fax:  (212) 328-6101
                                  ATTORNEYS FOR JOHN S. PEREIRA, AS
                                  CHAPTER 11 TRUSTEE

{TW1107.DOC;}                    - 10 -

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

RECEIVED

07 FEB 16  PM 6: 23

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                                             :

MAYWOOD CAPITAL CORP., et al.,                  :

                                    Debtors,              :

------------------------------------------------------------ x

JOHN S. PEREIRA, as Chapter 11 Trustee of 77 EAST     :
125TH STREET REALTY LLC.,                                     :

                                    Plaintiff,           :

                vs.                                               :

BRT REALTY TRUST, KENNEDY FUNDING, INC.,      :
BODDEN FUNDING CORP., JAY IRGANG, MARK       :
IRGANG and ORLI IRGANG,                                      :

                                    Defendants.        :

------------------------------------------------------------ x

Chapter 11 Cases
Case No. 05-10987 (RDD)

Jointly Administered
Case Nos. 04-17047, 05-10944
to 05-10987, 05-11521, 05-11523
and 05-1778 (RDD)

Adversary No.: _____

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 77 East

125th Street Realty LLC (the "Debtor"), by and through his counsel, Dreier LLP, as and for his

Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00225631.DOC;6}

## PARTIES

2.      77 East 125th Street Realty Corp. (sometimes referred to as "77 East 125th Street Realty LLC" or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant BRT Realty Trust ("BRT") has offices located at 60 Cutter Mill Road, Great Neck, New York  11021.

5.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York  10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York  10468.

8.      Upon information and belief, Bodden was, at all relevant times an insider of the Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who were officers and directors of the Debtor.

## JURISDICTION AND VENUE

9.    The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court

for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b)

of Title 28 of the United States Code because this adversary proceeding arises in or under the

Chapter 11 case of the Debtors, including 77 East 125th Street Realty LLC, now pending in the

Bankruptcy Court.

11.    Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28

of the United States Code because this adversary proceeding is one arising in or under a case

under the Bankruptcy Code.

12.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and

551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New

York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of

certain property interests of Debtor to the Defendants.

## BACKGROUND

13.    On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition

for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.    Upon information and belief, at all relevant times, the land and apartment building

located at 77 East 125th Street, New York, New York (the "Premises"), together with all the

fixtures, rent, income, profits and other monies arising from, related to or concerning the

Premises and/or the management and/or operations thereof (the "Proceeds") constituted

substantially all of the assets of 77 East 125th Street Realty LLC. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "77 East 125th Street Property."

15.     The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02092 (RDD), to recover the 77 East 125th Street Property.

**Transfers To Defendant BRT**

16.     On or about June 10, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance (the "BRT UCC Statement") against the Premises, or certain fixtures attached to the 77 East 125th Street Property, in favor of Defendant BRT.

17.     On or about October 3, 2003, a mortgage on the 77 East 125th Street Property in favor of Defendant BRT in the amount of $800,000 (the "BRT Mortgage No. 1") was recorded in the New York County Clerk's Office.

18.     On or about October 3, 2003, a mortgage on the 77 East 125th Street Property in favor of Defendant BRT in the amount of $1,000,000 (the "BRT Mortgage No. 2") was recorded in the New York County Clerk's Office.

19.     On or about October 3, 2003, a mortgage on the 77 East 125th Street Property in favor of Defendant BRT in the amount of $1,100,000 (the "BRT Mortgage No. 3") was recorded in the New York County Clerk's Office.

20.     On or about September 24, 2003, a lien was docketed with the New York County Clerk's Office against the 77 East 125th Street Property in favor of Defendant BRT (the "BRT Lien" and together with the BRT UCC Statement, BRT Mortgage No. 1, the BRT, Mortgage No. 2, and the BRT, Mortgage No. 3, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

21.     Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Transfer to Defendant Kennedy Funding**

22.     On or about September 23, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance against the 77 East 125th Street Property in favor of Defendant Kennedy (the "Kennedy  UCC Statement").

23.     On or about November 25, 2003, a mortgage on the 77 East 125th Street Property in favor of Defendant Kennedy in the amount of $375,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage," and together with the Kennedy UCC Statement, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "Kennedy Transfers").

24.     Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Purported Transfer To Irgang Defendants**

25.     Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

26.     Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Assignments To Bodden**

27.    Upon information and belief, the BRT Transfers were assigned to Defendant Bodden on or about October 14, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 11, 2005 (the "BRT Assignment").

28.    Upon information and belief, the Kennedy Transfers were assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Kennedy Assignment," and together with the BRT Assignment, the "Bodden Transfers").

29.    Bodden did not take assignments of interests in property of the Debtor for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

30.    Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property.  Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden.  Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

31.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth at length.

32.    The Bodden Transfers and Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

33.    The Bodden Transfers and Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

34.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those Transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

35.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth at length.

36.    The Bodden Transfers and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

37.    The Debtor (a) was insolvent on the dates the Bodden Transfers and the Purported Irgang Mortgage Transfer were made or became insolvent as a result of the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Bodden Transfers and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Bodden Transfers and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

38.    The Debtor received no equivalent value in exchange for the Bodden Transfers or the Purported Irgang Mortgage Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Bodden Transfers or the Purported Irgang Mortgage Transfer.

39.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)

40.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth at length.

41.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

42.    At the time of the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer.

43.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

44.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and

preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported

Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the

Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively,

awarding Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)

45.    The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 44 above as if fully set forth at length.

46.    The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy

Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

47.    At the time the Debtor made the BRT Transfers, the Kennedy Transfers, the

Bodden Transfers and the Purported Irgang Mortgage Transfer, the Debtor was engaged or about

to engage in a business or transaction for which the property remaining in its hands after the

BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang

Mortgage Transfer was an unreasonably small capital.

48.    The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the

Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New

York Debtor and Creditor Law § 274.

49.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274

and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and

preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported

Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, Bodden

Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively,

awarding Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

50.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 49 above as if fully set forth at length.

51.     The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the

Purported Irgang Mortgage Transfer to the Defendants were made with the actual intent, to

hinder, delay and/or defraud creditors of the Debtor.

52.     The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the

Purported Irgang Mortgage Transfer constituted a fraudulent conveyance in violation of New

York Debtor and Creditor Law § 276.

53.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§

276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a)

avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and

the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy

Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside, (c)

alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers and

(d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

54.     The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 through 53 above as if fully set forth at length.

55.     The Debtor did not receive fair consideration for the BRT Transfers, the Kennedy
Transfers, the Bodden Transfers or the Purported Irgang Mortgage Transfer.

56.     At the time of the BRT Transfers, the Kennedy Transfers, the Bodden Transfers
and the Purported Irgang Mortgage Transfer, the Debtor incurred, was intending to incur, or
believed that it would incur debts beyond its ability to pay them as they mature.

57.     The BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the
Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New
York Debtor and Creditor Law § 275.

58.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275
and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and
preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported
Irgang Mortgage Transfer and (b) directing that the BRT Transfers, the Kennedy Transfers, the
Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively,
awarding Plaintiff on behalf of the Debtor's estate the value of those transfers and (d) recovering
attorneys' fees from the Defendants.

## SEVENTH CLAIM FOR RELIEF

**(Claim for Equitable Subordination Pursuant to Bankruptcy Code
Section 510(c))**

59.     The Trustee repeats and realleges each and every allegation contained in
paragraphs 1 through 58 above as if fully set forth at length.

60.    Any claim Bodden has against the 77 East 125th Street Property should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire interests in the 77 East 125th Street Property which results in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.    On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers;

2.    On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers;

3.    On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers;

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers;

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers and (d) recovering attorneys' fees from the Defendants;

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, the Kennedy Transfers, the Bodden Transfers and the Purported Irgang Mortgage Transfer be set aside and (c) alternatively, awarding Plaintiff on behalf of the Debtor's estate the value of those transfers and (d) recovering attorneys' fees from the Defendants; and

7.      On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c):  (a) equitably subordinating any claim Bodden has against the 77 East 125th Street Property;

8.     together with all applicable interest, costs and disbursements and for such other,

further and different relief as the Court deems just, proper and equitable.

Dated:     New York, New York
           February 16, 2007

                              ATTORNEYS FOR JOHN S. PEREIRA, AS
                              CHAPTER 11 TRUSTEE

                              By:_____/s/_____
                                   John P. Campo (JC-5241)
                                   John S. Kinzey (JK-4951)
                                   (Members of the Firm)
                                   DREIER LLP
                                   499 Park Avenue
                                   New York, New York  10022
                                   Tel.: (212) 328-6100
                                   Fax:  (212) 328-6101

RECEIVED

07 FEB 16  PM 6:23

U.S. DISTRICT COURT
S.D.N.Y.

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

In re:

MAYWOOD CAPITAL CORP., et al.,

                Debtors,
------------------------------------------------------------ x

JOHN S. PEREIRA, as Chapter 11 Trustee of 148
WEST 124TH STREET REALTY CORP.,

                Plaintiff,

      vs.

BRT REALTY TRUST, KENNEDY FUNDING, INC.,
BODDEN FUNDING CORP., JAY IRGANG, MARK
IRGANG and ORLI IRGANG,

                Defendants.
------------------------------------------------------------ x

Chapter 11 Cases
Case No. 05-10987 (RDD)

Jointly Administered
Case Nos. 04-17047, 05-10944
to 05-10987, 05-11521, 05-11523
and 05-1778 (RDD)

Adversary No.: _____

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 148 West
124th Street Realty Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for his
Complaint against the above-captioned defendants, respectfully alleges as follows:

1.     This is an action to avoid and recover fraudulent conveyances of property of the
Debtor and for other relief.

**PARTIES**

2.      148 West 124th Street Realty Corp. (sometimes referred to as "148 West 124th Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.      The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.      Upon information and belief, Defendant BRT Realty Trust ("BRT") is a corporation located at 60 Cutter Mill Road, Great Neck, New York  11021.

5.      Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

6.      Upon information and belief, defendants Jay Irgang, Mark Irgang, and Orli Irgang (collectively, the "Irgang Defendants") are each a natural person having an office at 60 East 42nd Street, Suite 447, New York, New York  10165.

7.      Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York 10468.

8.      Upon information and belief, Bodden was, at all relevant times, an insider of the Debtor, having been owned, controlled or otherwise affiliated with the Irgang Defendants, who were officers and directors of the Debtor.

**JURISDICTION AND VENUE**

9.      The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.     This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 148 West 124th Street Realty Corp., now pending in the Bankruptcy Court.

11.     Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

12.     This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of Debtor to the Defendants.

### BACKGROUND

13.     On February 19, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.     Upon information and belief, at all relevant times, the land and apartment building located at 148 West 124th Street, New York, New York (the "Premises"), together with all the fixtures, rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of 148 West 124th Street Realty Corp.. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "148 West 124[th] Street Property."

15.     The Trustee is currently in litigation before this Court, under Adversary proceeding number 05-02090 (RDD), to recover the 148 West 124th Street Property.

3

**Transfers To Defendant BRT**

16.     On or about April 8, 2002, a mortgage on the 148 West 124th Street Property in favor of Defendant BRT in the amount of $800,000 (the "BRT Mortgage No. 1") was recorded in the New York County Clerk's Office.

17.     On or about October 3, 2003, a mortgage on the 148 West 124th Street Property in favor of Defendant BRT in the amount of $1,000,000 (the "BRT Mortgage No. 2") was recorded in the New York County Clerk's Office.

18.     On or about September 13, 2004, a lien was docketed with the New York County Clerk's Office against the 148 West 124th Street Property in favor of Defendant BRT (the "BRT Lien" and together with the BRT Mortgage No. 1, the BRT Mortgage No. 2, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "BRT Transfers").

19.     Upon information and belief, the Debtor received no equivalent value in exchange for the BRT Transfers or, in the alternative, less than reasonably equivalent value in exchange for the BRT Transfers.

**Transfer to Defendant Kennedy Funding**

20.     On or about September 29, 2003, a UCC Financing Statement was recorded with the New York City Department of Finance against the Premises in favor of Defendant Kennedy (the "Kennedy  UCC Statement").

21.     On or about November 25, 2003, a mortgage on the 148 West 124th Street Property in favor of Defendant Kennedy in the amount of $375,000 was recorded in the New York County Clerk's Office (the "Kennedy Mortgage," and together with the Kennedy UCC

Statement, and together with any obligations relating thereto and any assignment of leases and rents, collectively, the "Kennedy Transfers").

22.    Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Purported Transfer To Irgang Defendants**

23.    Upon information and belief, the Irgang Defendants have asserted that they received a transfer of a mortgage from the Debtor as part of the transaction in which they acquired an interest in the Debtor (the "Purported Irgang Mortgage Transfer").

24.    Notwithstanding that the Trustee questions the validity and authenticity of the Purported Irgang Mortgage Transfer, the Debtor received no consideration in exchange for the Purported Irgang Mortgage Transfer.

**Assignment To Defendant Bodden**

25.    Upon information and belief, the Kennedy Mortgage was assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Bodden Transfer").

26.    Bodden did not take the Bodden Transfers for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

27.    Upon information and belief, the Bodden Transfer was effectuated in connection with the Irgangs' effort to wipe out the junior and unrecorded mortgages and investor claims on the Debtor's Property.  Specifically, certain of the mortgages assigned to Bodden were in foreclosure at the time they were assigned to Bodden.  Following the Bodden Transfers, Bodden served notices of default with demand to cure and pay the amounts owed in full, knowing full

5

well that the Debtors lacked the financial wherewithal to pay off the loans, and with the intent to wipe out the investor creditors, junior mortgages and unrecorded mortgages of the Debtor.

## FIRST CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)

28.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as if fully set forth at length.

29.    The Bodden Transfer and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

30.    The Bodden Transfer and the Purported Irgang Mortgage Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

31.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)

32.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth at length.

33.    The Bodden Transfer and the Purported Irgang Mortgage Transfer were made within one year of the Petition Date.

34.    The Debtor (a) was insolvent on the dates the Bodden Transfer and the Purported Irgang Mortgage Transfer were made or became insolvent as a result of the Bodden Transfer and

the Purported Irgang Mortgage Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Bodden Transfer and the Purported Irgang Mortgage Transfer were effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Bodden Transfer and the Purported Irgang Mortgage Transfer were made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

35.    The Debtor received no equivalent value in exchange for the Bodden Transfer or the Purported Irgang Mortgage Transfer, or, in the alternative, less than reasonably equivalent value in exchange for the Bodden Transfer or the Purported Irgang Mortgage Transfer.

36.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## THIRD CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)

37.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth at length.

38.    The Debtor did not receive fair consideration for the BRT Transfers, Kennedy Transfers, the Bodden Transfer or the Purported Irgang Mortgage Transfer.

39.    At the time of the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, the Debtor was insolvent or, in the alternative, the

7

Debtor became insolvent as a result of the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer.

40.    The BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

41.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

42.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth at length.

43.    The Debtor did not receive fair consideration for the BRT Transfers, Kennedy Transfers, the Bodden Transfer or the Purported Irgang Mortgage Transfer.

44.    At the time the Debtor made the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer was an unreasonably small capital.

8

45.    The BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

46.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

### FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

47.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth at length.

48.    The BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer to the Defendants were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

49.    The BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 276.

50.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers,

9

the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers, and (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)

51.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 50 above as if fully set forth at length.

52.     The Debtor did not receive fair consideration for the BRT Transfers, Kennedy Transfers, the Bodden Transfer or the Purported Irgang Mortgage Transfer.

53.     At the time of the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

54.     The BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

55.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers.

## SEVENTH CLAIM FOR RELIEF
### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

56.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 55 above as if fully set forth at length.

57.     Any claim Bodden has against the Debtor or the West 148th Street Property by virtue of the Bodden Transfer should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfer, which results in injury to creditors.

**WHEREFORE,** the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.     On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551: (a) avoiding and preserving the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

2.     On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

3.     On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported

11

Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

4. On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

5. On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers, and (d) recovering attorneys' fees from the Defendants;

6. On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer, (b) directing that the BRT Transfers, Kennedy Transfers, the Bodden Transfer and the Purported Irgang Mortgage Transfer be set aside, and (c) alternatively, awarding the Plaintiff on behalf of the Debtor's estate the value of those transfers;

7.      On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c): (a) equitably subordinating any claim Bodden has against the Debtor or the 148 West 124th Street Property by virtue of the Bodden Transfer; and

8.      Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
          February 16, 2007

                                  DREIER LLP

                                  By: ___/s/_____
                                        John P. Campo (JC-5241)
                                        John S. Kinzey (JK-4951)
                                        (Members of the Firm)
                                        499 Park Avenue
                                        New York, New York  10022
                                        Tel.:  (212) 328-6100
                                        Fax:  (212) 328-6101
                                  ATTORNEYS FOR JOHN S. PEREIRA, AS
                                  CHAPTER 11 TRUSTEE

13

EXHIBIT "L"

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

RECEIVED

07 FEB 16  PM 6: 25

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| In re:<br><br>MAYWOOD CAPITAL CORP., et al.,<br><br>            Debtors,<br>------------------------------------------------------------ x<br><br>JOHN S. PEREIRA, as Chapter 11 Trustee of 18<br>WEST 129th STREET CORP.,<br><br>            Plaintiff,<br><br>    vs.<br><br>18 W. 129 ST., LLC, KENNEDY FUNDING, INC.,<br>BODDEN FUNDING CORP., and MIGDOL<br>REALTY MANAGEMENT LLC,<br><br>            Defendants.<br>------------------------------------------------------------ x | Chapter 11 Cases<br>Case No. 05-10987 (RDD)<br><br>Jointly Administered<br>Case Nos. 04-17047, 05-10944<br>to 05-10987, 05-11521, 05-11523<br>and 05-1778 (RDD)<br><br><br>Adversary No.: _____ |

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 18 West

129th Street Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for his

Complaint against the above-captioned defendants, respectfully alleges as follows:

1.     This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00227699.DOC;}

**PARTIES**

2.    18 West 129th Street Corp. (sometimes referred to as "18 West 129th Street Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.    The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.    Upon information and belief, Defendant 18 W. 129 St., LLC ("18 W") is a limited liability company located at 2269 First Avenue, New York, New York.

5.    Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

6.    Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York 10468.

7.    Upon information and belief, Defendant Migdol Realty Management LLC has an office located at 2269 First Avenue, Suite 100, New York, New York.

8.    Upon information and belief, Bodden was, at all relevant times, an insider of the Debtor, having been owned, controlled or otherwise affiliated with Jay Irgang, Mark Irgang and Orli Irgang (the "Irgangs"), who were officers and directors of an affiliate of the Debtor.

**JURISDICTION AND VENUE**

9.    The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

10.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including 18 West 129th Street Corp., now pending in the Bankruptcy Court.

11.    Venue of this proceeding in this Court is proper pursuant to §§ 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

12.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of certain property interests of the Debtor to the Defendants.

## BACKGROUND

13.    On February 19, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

14.    Upon information and belief, at all relevant times, the land and apartment building located at 18 West 129th Street, New York, New York (the "Premises"), together with all the rent, income, profits and other monies arising from, related to or concerning the Premises and/or the management and/or operations thereof (the "Proceeds") constituted substantially all of the assets of the Debtor.  The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "18 West 129th Street Property."

**Transfer To Defendant 18 W**

15.     On or about November 12, 2003, the debtor delivered a Deed to the Premises to Defendant 18 W for the amount of $300,000 (the "18 W Transfer"), which was recorded in the New York County Clerk's Office.

16.     Prior to the 18 W Transfer, the Debtor had entered into a written contract to sell Defendant Migdal the Premises for the sum of $400,000. Upon information and belief, Defendant 18 W is an affiliate of Defendant Migdol, under the control of a common principal or principals, and to the extent that Defendant Migdol was the real party in interest, or otherwise participated, in the 18 W Transfer, it is liable to the Debtor for the relief the Debtor seeks from that Transfer.

17.     Upon information and belief, the Debtor received no equivalent value in exchange for the 18 W Transfer or, in the alternative, less than reasonably equivalent value in exchange for the 18 W Transfer.

**Transfers to Defendant Kennedy Funding**

18.     On or about November 25, 2003, a mortgage on the Premises in favor of Defendant Kennedy in the amount of $375,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage"). A correction mortgage was subsequently recorded on or about February 17, 2005.

19.     On or about November 25, 2003, an assignment of leases and rents on the Premises in favor of Defendant Kennedy (the "Kennedy ALR") was recorded in the New York County Clerk's Office (the Kennedy Mortgage and the Kennedy ALR, together with any obligation related thereto are collectively known as the "Kennedy Transfers").

20.     Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Assignment To Defendant Bodden**

21.     Upon information and belief, the Kennedy Mortgage was assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Bodden Transfer").

22.     Bodden did not take the Bodden Transfer for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

**FIRST CLAIM FOR RELIEF**

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

23.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as if fully set forth at length.

24.     The Bodden Transfer was made within one year of the Petition Date.

25.     The Bodden Transfer was made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

26.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfer, (b) directing that the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of that Transfer.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

27.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth at length.

28.     The Bodden Transfer was made within one year of the Petition Date.

29.     The Debtor (a) was insolvent on the dates the Bodden Transfer was made or became insolvent as a result of the Bodden Transfer individually, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the Bodden Transfer was effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the Bodden Transfer was made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

30.     The Debtor received no equivalent value in exchange for the Bodden Transfer or, in the alternative, less than reasonably equivalent value in exchange for the Bodden Transfer.

31.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfer, (b) directing that the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of that Transfer.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

32.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if fully set forth at length.

33.     The Debtor did not receive fair consideration for the 18 W Transfer, the Kennedy Transfers or the Bodden Transfer.

34.     At the time of the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the 18 W Transfers, the Kennedy Transfers or the Bodden Transfer individually.

35.     The 18 W Transfer, the Kennedy Transfers and the Bodden Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

36.     By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

37.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth at length.

38.     The Debtor did not receive fair consideration for the 18 W Transfer, the Kennedy Transfers or the Bodden Transfer.

39.     At the time the Debtor made the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the 18 W Transfer, the Kennedy Transfers or the Bodden Transfer was an unreasonably small amount of capital.

{00227699.DOC;}

7

40.    The 18 W Transfer, the Kennedy Transfers and the Bodden Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

41.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfers.

## FIFTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)

42.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth at length.

43.    The 18 W Transfer, the Kennedy Transfers and the Bodden Transfer were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

44.    The 18 W Transfer, the Kennedy Transfers and the Bodden Transfer constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

45.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfers (d) recovering attorneys' fees from the Defendants.

## SIXTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)

46.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 45 above as if fully set forth at length.

47.    The Debtor did not receive fair consideration for the 18 W Transfer, the Kennedy Transfers or the Bodden Transfer.

48.    At the time of the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, the Debtor incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

49.    The 18 W Transfer, the Kennedy Transfers and the Bodden Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 275.

50.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## SEVENTH CLAIM FOR RELIEF

### (Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))

51.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 50 above as if fully set forth at length.

52.    Any claim Bodden has against the Debtor or the 18 West 129th Street Property by virtue of the Bodden Transfer should be equitably subordinated to the claims of other creditors

because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfer which resulted in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.      On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the Bodden Transfer, (b) directing that the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of that Transfer.

2.      On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551: (a) avoiding and preserving the Bodden Transfer, (b) directing that the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of that Transfer.

3.      On the Trustee's Third Claim for Relief pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

{00227699.DOC;}                                    10

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer, and (c) alternatively, awarding the Debtor the value of those Transfers (d) recovering attorneys' fees from the Defendants; and

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer and (b) directing that the 18 W Transfer, the Kennedy Transfers and the Bodden Transfer be set aside (c) alternatively, awarding the Debtor the value of those Transfers.

7.      On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c) equitably subordinating any claim Bodden has against the Debtor or the 18 West 129th Street Property by virtue of the Bodden Transfer.

8.      Together with all applicable interest, costs and disbursements and for such other, further and different relief as the Court deems just, proper and equitable.

Dated:     New York, New York
           February /6, 2007

                                    DREIER LLP

                                    By:___/s/_____
                                         John P. Campo (JC-5241)
                                         John S. Kinzey (JK-4951)
                                         (Members of the Firm)
                                         499 Park Avenue
                                         New York, New York  10022
                                         Tel.: (212) 328-6100
                                         Fax: (212) 328-6101
                                         ATTORNEYS FOR JOHN S. PEREIRA, AS
                                         CHAPTER 11 TRUSTEE

John P. Campo (JC-5241)
John S. Kinzey (JK-4951)
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax:  (212) 328-6101

RECEIVED

07 FEB 16  PM 6: 22

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for John S. Pereira, Esq., as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re:                                                          :
                                                                :    Chapter 11 Cases
MAYWOOD CAPITAL CORP., et al.,                                  :    Case No. 05-10987 (RDD)
                        Debtors,                                :
----------------------------------------------------------------- x    Jointly Administered
                                                                :    Case Nos. 04-17047, 05-10944
JOHN S. PEREIRA, as Chapter 11 Trustee of 243 East             :    to 05-10987, 05-11521, 05-11523
118th St. Realty Corp.,                                         :    and 05-1778 (RDD)
                                                                :
                        Plaintiff,                             :
                                                                :
        vs.                                                     :
                                                                :    Adversary No.: _____
243 E. 118 ST., LLC, GERALD MIGDOL.,                           :
KENNEDY FUNDING, INC., BODDEN FUNDING                           :
CORP., and WELLS FARGO HOME MORTGAGE,                           :
INC.,                                                           :
                        Defendants.                            :
----------------------------------------------------------------- x

## COMPLAINT

Plaintiff, John S. Pereira, as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of 18 West

129th Street Corp. (the "Debtor"), by and through his counsel, Dreier LLP, as and for his

Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid and recover fraudulent conveyances of property of the

Debtor and for other relief.

{00228222.DOC;}

## PARTIES

2.     243 East 118th Street Realty Corp. (sometimes referred to as "243 East 118th Street Realty Corp." or the "Debtor") is one of the Debtors in this jointly administered case, and is a corporation organized and existing under the laws of the State of New York.

3.     The Trustee is the duly appointed Chapter 11 Trustee of Debtor's estate pursuant to an order entered by the Bankruptcy Court on March 24, 2005.

4.     Upon information and belief, Defendant 243 E. 118 St., LLC ("243 E") is a limited liability company located at 2269 First Avenue, Suite 100, New York, New York.

5.     Upon information and belief, Defendant Gerald Migdol ("Migdol") is an individual residing at 2269 First Avenue, Suite 100, New York, New York.

6.     Upon information and belief, Defendant Kennedy Funding, Inc. ("Kennedy") is a New Jersey Corporation with offices located at Two University Plaza, Hackensack, New Jersey 07601.

7.     Upon information and belief, Defendant Bodden Funding Corp. ("Bodden") has offices located at 2386 Morris Avenue, Suite 1B, Bronx, New York 10468.

8.     Upon information and belief, Bodden was, at all relevant times, an insider of the Debtor, having been owned, controlled or otherwise affiliated with Jay Irgang, Mark Irgang and Orli Irgang (the "Irgangs"), who were officers and directors of an affiliate of the Debtor.

9.     Upon information and belief, Wells Fargo Home Mortgage, Inc, ("WFHM") is a banking corporation with an office located at 405 S.W. 5th Street, Des Moines, Iowa 50403.

## JURISDICTION AND VENUE

10.    The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court

for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

11.    This adversary proceeding is a core proceeding pursuant to §§ 157(a) and 157(b)

of Title 28 of the United States Code because this adversary proceeding arises in or under the

Chapter 11 case of the Debtors, including 243 East 118th Street Realty Corp., now pending in the

Bankruptcy Court.

12.    Venue of this proceeding in this Court is proper pursuant to §§ 1409(a) of Title 28

of the United States Code because this adversary proceeding is one arising in or under a case

under the Bankruptcy Code.

13.    This adversary proceeding is commenced, pursuant to §§ 510, 544, 548, 550 and

551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003 and New

York Debtor and Creditor Law §§ 273, 274, 275 and 276, to avoid and recover transfers of

certain property interests of the Debtor to the Defendants.

## BACKGROUND

14.    On February 19, 2005 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Title 11 of the United States Code ("the Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

15.    Upon information and belief, at all relevant times, the land and apartment building

located at 243 East 118th Street, New York, New York (the "Premises"), together with all the

rent, income, profits and other monies arising from, related to or concerning the Premises and/or

the management and/or operations thereof (the "Proceeds") constituted substantially all of the

assets of the Debtor. The Premises and the Proceeds shall be hereinafter referred to, collectively, as the "243 East 118th Street Property."

16.    On May 9, 2005, the Trustee filed a Notice of Order Approving Appointment of Chapter 11 Trustee with the New York County Clerk, which noticed parties that the Debtor's estate holds an interest in the "243 East 118th Street Property".

**Transfer To Defendant 243 E**

17.    On or about April 20, 2004, the Defendant 243 E recorded a Deed to the Premises (the "243 E Transfer"), which was filed in the New York County Clerk's Office.

18.    Prior to the 243 E Transfer, the Debtor had entered into a written contract to sell the Premises to Migdol Realty Management LLC for the sum of $400,000.

19.    Upon information and belief, Defendant Migdol is a principal of Defendant 243 E, and to the extent that Defendant Migdol was the real party in interest, or otherwise participated, in the 243 E Transfer, he is liable to the Debtor for the relief the Debtor seeks from that Transfer.

20.    Upon information and belief, the Debtor received no equivalent value in exchange for the 243 E Transfer or, in the alternative, less than reasonably equivalent value in exchange for the 243 E Transfer.

**Transfer to Defendant Migdol**

21.    On or about May 12, 2004, a Deed to the Premises was delivered Migdol (the "Migdol Transfer"), which was recorded in the New York County Clerk's Office.

22.    Migdol was the immediate or mediate transferee of the 243 E Transfer.

**Transfer to Defendant Kennedy**

23.     On or about November 25, 2003, a mortgage on the Premises in favor of Defendant Kennedy in the amount of $375,000 was recorded in the New York County Clerks Office (the "Kennedy Mortgage"). A correction mortgage was subsequently recorded on or about February 17, 2005.

24.     On or about November 25, 2003, an assignment of leases and rents on the Premises in favor of Defendant Kennedy (the "Kennedy ALR") was recorded in the New York County Clerk's Office (the Kennedy Mortgage and the Kennedy ALR, together with any obligation related thereto are collectively known as the "Kennedy Transfers").

25.     Upon information and belief, the Debtor received no equivalent value in exchange for the Kennedy Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Kennedy Transfers.

**Assignment To Defendant Bodden**

26.     Upon information and belief, the Kennedy Mortgage was assigned to Defendant Bodden on or about October 20, 2004 and such assignment was recorded with the New York County Clerk's Office on or about January 10, 2005 (the "Bodden Transfer").

27.     Bodden did not take the Bodden Transfer for value, in good faith and without knowledge of the avoidability of the assigned interests in property of the Debtor.

**Transfer to Defendant WFHM**

28.     On or about May 19, 2004, a mortgage on the Premises in favor of Defendant WFHM in the amount of $412,500 was recorded in the New York County Clerks Office (the "WFHM Mortgage"). The WFHM Mortgage, together with all obligations relating thereto and any assignment of leases and rents are collectively known as the "WFHM Transfers".

29.    The Debtor received no equivalent value in exchange for the WFHM Transfers or, in the alternative, less than reasonably equivalent value in exchange for the WFHM Transfers.

## FIRST CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550 and 551)**

30.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth at length.

31.    The 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer were made within one year of the Petition Date.

32.    The 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer were made with the actual intent to hinder, delay and/or defraud the creditors of the Debtor.

33.    As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## SECOND CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550 and 551)**

34.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth at length.

35.    The 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer were made within one year of the Petition Date.

{00228222.DOC;}                                    6

36.     The Debtor (a) was insolvent on the dates the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer were made or became insolvent as a result of the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer individually, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Debtor after the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer was effectuated constituted unreasonably small capital or, alternatively, (c) at the time of the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer was made, intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

37.     The Debtor received no equivalent value in exchange for the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer or, in the alternative, less than reasonably equivalent value in exchange for the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer.

38.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

39.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if fully set forth at length.

40.    The Debtor did not receive fair consideration for the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer 243 E Transfer.

41.    At the time of the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer individually.

42.    The 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 273.

43.    By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

44.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as if fully set forth at length.

45.    The Debtor did not receive fair consideration for the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer.

46.    At the time the Debtor made the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, the Debtor was engaged or about to engage in a business or transaction for which the property remaining in its hands after the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer was an unreasonably small amount of capital.

47.    The 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer constituted fraudulent conveyances in violation of New York Debtor and Creditor Law § 274.

48.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer be set aside, and (c) alternatively, awarding the Debtor the value of those Transfers.

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)**

49.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth at length.

50.    The 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer were made with the actual intent, to hinder, delay and/or defraud creditors of the Debtor.

{00228222.DOC;}                      9

51.     The 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden

Transfer and the WFHM Transfer constituted fraudulent conveyances in violation of New York

Debtor and Creditor Law § 276.

52.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law §§

276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment: (a)

avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the

Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol

Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer be set aside, (c)

alternatively, awarding the Debtor the value of those Transfers and (d) recovering attorneys' fees

from the Defendants.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate
Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code
Sections 544, 550, and 551)**

53.     The Trustee repeats and realleges each and every allegation contained in

paragraphs 1 through 52 above as if fully set forth at length.

54.     The Debtor did not receive fair consideration for the 243 E Transfer, the Migdol

Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer.

55.     At the time of the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the

Bodden Transfer and the WFHM Transfer, the Debtor incurred, was intending to incur, or

believed that it would incur debts beyond its ability to pay them as they mature.

56.     The 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden

Transfer and the WFHM Transfer constituted fraudulent conveyances in violation of New York

Debtor and Creditor Law § 275.

57.    By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551, the Trustee is entitled to a judgment:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

### SEVENTH CLAIM FOR RELIEF

**(Claim for Equitable Subordination Pursuant to Bankruptcy Code Section 510(c))**

58.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 57 above as if fully set forth at length.

59.    Any claim Bodden has against the Debtor or the 243 East 118th Street Property by virtue of the Bodden Transfer should be equitably subordinated to the claims of other creditors because Bodden is an insider of the Debtor and took unfair advantage of its position and information to acquire the Bodden Transfer which resulted in injury to creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1.    On the Trustee's First Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(a) and 551:  (a) avoiding and preserving the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the value of those Transfers.

2.    On the Trustee's Second Claim for Relief pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a) and 551:  (a) avoiding and preserving 243 E Transfer, the Migdol Transfer,

the Bodden Transfer and the WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol

Transfer, the Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively,

awarding the Debtor the value of those Transfers.

3.      On the Trustee's Third Claim for Relief pursuant to New York Debtor and

Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 243 E

Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM

Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the

Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor

the value of those Transfers.

4.      On the Trustee's Fourth Claim for Relief pursuant to New York Debtor and Creditor Law

§ 274 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 243 E Transfer, the

Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM Transfer, (b)

directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden

Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor the

value of those Transfers.

5.      On the Trustee's Fifth Claim for Relief pursuant to New York Debtor & Creditor

Law §§ 276 and 276-a, and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the

243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the

WFHM Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy

Transfer, the Bodden Transfer and the WFHM Transfer, (c) alternatively, awarding the Debtor

the value of those Transfers, and (d) recovering attorneys' fees from the Defendants; and

6.      On the Trustee's Sixth Claim for Relief pursuant to New York Debtor and

Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550 and 551: (a) avoiding and preserving the 243 E

Transfer, the Migdol Transfer, the Kennedy Transfer, the Bodden Transfer and the WFHM

Transfer, (b) directing that the 243 E Transfer, the Migdol Transfer, the Kennedy Transfer, the

Bodden Transfer and the WFHM Transfer be set aside and (c) alternatively, awarding the Debtor

the value of those Transfers.

7.    On the Trustee's Seventh Claim for Relief pursuant to 11 U.S.C. § 510(c),

equitably subordinating any claim Bodden has against the Debtor or the 243 East 118 Street

Property based on the Bodden Transfer.

8.    Together with all applicable interest, costs and disbursements and for such other,

further and different relief as the Court deems just, proper and equitable.

Dated:    New York, New York
          February 16, 2007

                              DREIER LLP

                              By:_____/s/_____
                                   John P. Campo (JC-5241)
                                   John S. Kinzey (JK-4951)
                                   (Members of the Firm)
                                   499 Park Avenue
                                   New York, New York  10022
                                   Tel.:  (212) 328-6100
                                   Fax:  (212) 328-6101
                                   ATTORNEYS FOR JOHN S. PEREIRA, AS
                                   CHAPTER 11 TRUSTEE

# EXHIBIT K

| Claims for Relief | Adv.Pro. No. 07-01528 | Adv.Pro. 07-01513 | Adv.Pro. No. 07-01520 | Adv.Pro. No. 07-01524 | Adv.Pro. No. 07-01516 | Adv.Pro. No. 07-01548 | Adv.Pro. No. 07-01521 | Adv.Pro. No. 07-01523 | Adv.Pro. 07-01541 | Adv.Pro. No. 07-01514 |
|---|---|---|---|---|---|---|---|---|---|---|
| | John S. Pereira, as Chapter 11 Trustee of 79 East 125th Street Realty LLC v. BRT RealtyTrust, et. al. | John S. Pereira, as Chapter 11 Trustee of 6 East 132nd Street Apartments Street Corp. v. BRT RealtyTrust, et. al. | John S. Pereira, as Chapter 11 Trustee of 65-67 East 125th Street Realty Corp. v. BRT RealtyTrust, et. al. | John S. Pereira, as Chapter 11 Trustee of 27 East 131st Realty Corp. v. BRT RealtyTrust, et. al. | John S. Pereira, as Chapter 11 Trustee of 121 West 122nd Street Corp. v. Barry Levites, et. al. | John S. Pereira, as chapter 11 Trustee of 917 Eagle Avenue Realty Corp. v. Jay Irgang, et. al. | John S. Pereira, as chapter 11 Trustee of 77 East 125th Street Realty LLC v. BRT RealtyTrust, et. al. | John S. Pereira, as chapter 11 Trustee of 148 West 124th Street Realty Corp. v. BRT RealtyTrust, et. al. | John S. Pereira, as chapter 11 Trustee of 18 West 129th Street Corp. v. 18 West 129th St., LLC | John S. Pereira, as Chapter 11 Trustee of 243 East 118th St. Realty Corp v 243 East 118th St., LLC |
| **1st Claim:** 11 U.S.C §§ 548(a)(1)(A), 550 & 551 to avoid and set aside transfers to Bodden and/or Irgangs | Asserted[1] | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden only | Asserted as against Bodden and others, but not Irgangs |

---

[1] "Asserted" means the claim for relief was asserted against both Bodden Funding Corp., and the Irgangs.

42232/0001-310531v1

| Claim | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **2nd Claim:**<br><br>11 U.S.C §§ 548(a)(1)(B), 550 & 551 to avoid and set aside transfers to Bodden and/or Irgangs | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden only | Asserted as against Bodden and others, but not Irgangs |
| **3rd Claim:**<br><br>11 U.S.C §§ 544, 550 & 551 & NYDCL § 273 to avoid and set aside transfers to, *inter alia* Bodden, and/or Irgangs | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Bodden and others, but not Irgangs |
| **4th Claim:**<br><br>11 U.S.C §§ 544, 550 & 551 & NYDCL § 274 to avoid and set aside transfers to, *inter alia*, Bodden, and/or Irgangs | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Bodden and others, but not Irgangs |

| Claim | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **5th Claim:**<br><br>11 U.S.C §§ 544, 550 & 551 & NYDCL § 276 to avoid and set aside transfers to, *inter alia*, Bodden, and/or Irgangs | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Bodden and others, but not Irgangs |
| **6th Claim:**<br><br>11 U.S.C §§ 544, 550 & 551 & NYDCL § 275 to avoid and set aside transfers to, *inter alia*, Bodden, and/or Irgangs | Asserted | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Irgangs only | Asserted | Asserted | Asserted as against Bodden and others, but not Irgangs | Asserted as against Bodden and others, but not Irgangs |
| **7th Claim:**<br><br>11 U.S.C § 510(c) for equitable subordination of any Bodden claims | Asserted against Bodden | Asserted against Bodden | Asserted against Bodden | Asserted against Bodden | Not Asserted | Asserted against Bodden | Asserted against Bodden | Asserted against Bodden | Asserted against Bodden |